CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

SEP 19 2019

JULIA C. DUDLEY, CLERK
BY: /s/
      DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No: 5:19-CR-00030 |
| | ) |
| JOSIE PEACOE | ) |

## JOINT DISCOVERY AND INSPECTION ORDER

**THIS DAY** came the United States of America, by counsel, and the Defendant, by counsel, and moved the Court for entry of an Order governing the provision of discovery by the respective parties in this case, pursuant to Rules 6(e), 12.1, 12.2, 12.3, 16 and 26.2 of the Federal Rules of Criminal Procedure, pursuant to Sections 6103(h)(4)(D) and 6103(i)(4)(A) of Title 26, United States Code, and pursuant to the authority of the Court to regulate proceedings before it. Counsel for the United States and counsel for the Defendant moved the Court to approve and order the following schedule of discovery and inspection in this case, which said Motion the Court granted.

**IT IS THEREFORE ADJUDGED** and **ORDERED**, pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, that the United States of America permit the Defendant to inspect, copy and/or photograph:

(1) Any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement

which the government intends to offer in evidence at the trial by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged. If the Defendant is a corporation, partnership, association or labor union, the court grants the Defendant discovery of relevant recorded testimony of any witness before a grand jury who: (a) was, at the time of that testimony, so situated as an officer or employee as to have been able legally to bind the Defendant in respect to conduct constituting the offense, or (b) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the Defendant in respect to that alleged conduct in which the witness was involved.

(2) Such copy of the Defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(3) Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the Defendant's defense or are intended for use by the government as evidence in its case-in-chief at trial, or were obtained from or belong to the Defendant.

(4) Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession,

custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in its case-in-chief at trial.

(5) A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial,.

(6) Any statement of a witness that is in the possession of the government and which relates to the subject matter of the witness's testimony, pursuant to F.R.Crim.P. 26.2(a) and Title 18, United States Code, Section 3500.

**IT IS FURTHER ORDERED** that the United States provide to the Defendant any evidence of an exculpatory nature, as defined in Brady v. Maryland, 373 U.S. 83 (1973), and those cases interpreting that opinion.

In the absence of good cause shown, the United States must notify the Defendant of its intent to present 404(b) evidence (prior bad acts) at least 5 days before trial.

**IT IS FURTHER ORDERED**, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, that the Defendant permit the attorney for the United States to inspect, copy and/or photograph:

(1) Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the Defendant and which the Defendant intends to introduce as evidence in its case-in-chief at trial.

(2) Any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Defendant, and which the Defendant intends to introduce as evidence in its case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness's testimony.

(3) A written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

(4) Any statements of a witness that is in the possession of the defendant and which relates to the subject matter of the witness's testimony, pursuant to F.R.Crim.P. 26.2(a).

**IT IS FURTHER ORDERED**, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, that the Defendant disclose whether he intends to introduce evidence to establish an alibi, and, if so, that the defendant state the specific place or places at which he claims to have been at the time(s) of the alleged offense(s) and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. If the defendant makes disclosure under this paragraph, then the government must make disclosure of its witnesses under F.R.Crim.P. 12.1(b). The parties shall also otherwise comply with Rule 12.1.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Criminal Procedure 12.2, that, if the defendant intends to rely upon a defense of insanity or to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon

the issue of guilt, the defendant shall notify the government in writing of such intention and file a copy of such notice with the clerk, and that the parties shall otherwise comply with Rule 12.2.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Criminal Procedure 12.3, that, if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or federal intelligence agency at the time of the alleged offense, the defendant shall serve upon the attorney for the government a written notice of such intention, and that the parties shall otherwise comply with Rule 12.3.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown or agreement of the parties, the parties shall provide the above-ordered discovery and inspection not later than 14 days before trial at the office of the United States Attorney.

**IT IS FURTHER ORDERED**, pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure, that if, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under the Rules of Criminal Procedure, such party shall promptly notify the other party, or that other party's attorney, or the court of the existence of the additional evidence or material.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall certify copies of this order to each attorney who becomes counsel in this case at any time and to any party acting *pro se*. However, if an Indictment in this case is under seal, the Clerk should delay sending a copy of this Order to defense counsel or the Defendant until the unsealing of the Indictment.

ENTERED this 19 day of September, 2019.

JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

**SEEN AND AGREED:**

s/Erin M. Kulpa
ERIN M. KULPA
Assistant United States Attorney

_____
Louis K. Nagy
Counsel for Defendant